CHARLES E. STRATTON ET AL. V. SIDNEY B. OLDFIELD.

FILED SEPTEMBER 18, 1894. No. 5789.

Acts and declarations of conspirators which are parts of the
*res gestæ*, and therefore admissible against their co-conspirators,
include those only which are done and made during the pend-
ency of the conspiracy and in furtherance of its objects.

ERROR from the district court of Douglas county. Tried
below before FERGUSON, J.

*C. A. Baldwin* and *Weaver & Giller*, for plaintiffs in error,
cited: *Logan v. United States*, 144 U. S., 263; *People v.
Dilwood*, 29 Pac. Rep. [Cal.], 420; *Brown v. Herr*, 21
Neb., 113.

*De France & Richardson, contra.*

POST, J.

This was an action for damage in the district court for
Douglas county, in which the defendant in error, plaintiff
below, recovered judgment. The cause of action stated in
the petition is substantially as follows: The defendants be-
low, Stratton, Lewis, Petty, and Emminger, knowing the
plaintiff therein to be the owner of certain real estate in
Saunders county, conspired together to cheat and defraud
him out of the value thereof. That in pursuance of such
conspiracy to defraud they falsely represented to him that
certain notes held by them were good securities, and that
the makers thereof were solvent and able to pay in full,
when in fact said makers were insolvent and said notes
were entirely worthless; that, relying upon such false state-
ments, he conveyed to them the said real estate and ac-
cepted in exchange therefor said worthless securities. The
defendants answered separately by a general denial. At

the trial the plaintiff below was permitted, over the objection of Stratton and Emminger, to show admissions by Petty, made six months after the consummation of exchange of property, tending to prove the allegations of the petition as against the objecting defendants. In that the court erred. The admissions of acts and declarations of co-conspirators is limited to what is said and done while the conspiracy is pending and in furtherance of the objects thereof. (3 Greenleaf, Evidence, 94; Wright, Conspiracy, 113, 116.) The judgment is reversed as to the plaintiffs in error Stratton and Emminger and remanded for further proceedings in the district court.

REVERSED AND REMANDED.